# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GLEN FORD HOSAY, on behalf**<br>**of DENISE KAY HOSAY,**<br><br>Plaintiff,<br>v.<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of the Social**<br>**Security Administration,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. CIV-15-231-FHS-SPS |

## REPORT AND RECOMMENDATION

Glen Ford Hosay, on behalf of claimant Denise Kay Hosay requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. He appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining the claimant was not disabled. For the reasons set forth below, the decision of the Commissioner should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: whether the decision was supported by substantial evidence, and whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience, and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on July 15, 1967, and was forty-six years old at the time of the administrative hearing (Tr. 158). She had four or more years of college education, and has no past relevant work (Tr. 144, 271). The claimant alleges she has been unable to work since an amended onset date of June 5, 2012, due to cancer of an unknown stage and kind, epilepsy, premature sinus ventricular cardia, and anxiety (Tr. 135, 270).

## Procedural History

On June 5, 2012, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application was denied. ALJ Bernard Porter held an administrative hearing and determined the claimant was not disabled in a written decision dated February 18, 2014 (Tr. 135-147). The Appeals Council denied review, so the ALJ's written decision represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 416.967(a), *i. e.*, she could lift ten pounds occasionally and five pounds frequently, and sit for six hours in an eight-hour workday, and stand and/or walk for two hours, but that she would require a sit/stand option allowing for a change of position at least every thirty minutes, and that she could push and pull as much as she

could lift and carry. He further limited her to occasional use of foot controls, and occasional climbing of ramps and stairs, and kneeling; that she could never climb ladders or scaffolds, crawl, work around unprotected heights, or moving mechanical parts; that she should not operate a motor vehicle or work in an environment where there are temperature extremes; and that she was limited to frequent balancing and stooping. Finally, he found she was limited to simple tasks and simple work-related decisions, that her time off task would be accommodated by normal breaks, and that she should not interact with the public (Tr. 140). (Tr. 29). The ALJ concluded that although the claimant had no past relevant work to return to, she was nevertheless not disabled because there was work she could perform, *i. e.*, tube operator, addresser, and document preparer (Tr. 144-145).

## Review

The claimant's sole contention of error is that the ALJ failed to consider the side effects of her medications. The undersigned Magistrate Judge finds this contention unpersuasive for the following reasons.

The ALJ determined that the claimant had the severe impairments of supraventricular tachycardia, seizure disorder, gastroesophageal reflux disease, headaches, hypertension, degenerative joint disease of the right knee, anxiety disorder, and mood disorder, as well as the non-medically determinable impairments of posttraumatic stress disorder and cancer of unknown kind and stage (Tr. 137). On May 10, 2013, the claimant completed a list of her medications, and indicated that each of the eight medications (one of which was first prescribed in 1982) made her tired, with one

(first prescribed in 2007) making her both tired and sleepy (Tr. 341). At the administrative hearing, the claimant testified as to each of her impairments, as well as her medications. She stated that she had been taking her pain medication "for years," and that the side effect was that it "makes [her] tired" (Tr. 177).

In his written opinion, the ALJ thoroughly summarized the claimant's own testimony as well as the medical evidence in the record. In particular, he noted her reports of being sleepy and tired as a result of her medications, and specifically cited to the medication list with those indications (Tr. 141). He then further explained how he used the evidence in the record to formulate her RFC, found her "at least partially credible" (Tr. 143), and ultimately determined she was not disabled (Tr. 140-147).

The claimant's contention, specifically, is not that the ALJ erred in weighing the effect of her medications, but that he failed to account for the effect of her medications at all, which undermined both his credibility findings and his RFC assessment.

As to credibility, an ALJ's credibility determination is entitled to deference unless there is some indication that the ALJ misread the medical evidence as a whole. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [citation omitted]. An ALJ's credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996). Here, the ALJ gave

partial credit to the claimant's credibility, and *did* acknowledge her statements regarding the effect of her medications. The claimant has failed to point to any evidence that the ALJ misread the evidence as a whole, and the undersigned Magistrate Judge finds that reversal on this basis is unwarranted.

The undersigned Magistrate Judge further finds that the ALJ did not commit any error with regard to the claimant's RFC. He noted and fully discussed the findings of the claimant's various treating and reviewing physicians, including her own reports of being sleepy as a result of her medications, then assigned her partial credibility based on the medical evidence in conjunction with her own testimony and reports. The ALJ's conclusions "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins v. Barnhart*, 350 F.3d, 1297, 1300 (10th Cir. 2003), *quoting* Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (July 2, 1996). The ALJ's treatment of the medical evidence in this case meets these standards. For instance, the ALJ: (i) limited her to work involving only simple tasks and simple work-related decisions based on a consultative examination indicating her problems with emotion modulation would prevent her from working with the public and her anxiety and depression would interfere with her ability to cope with stress, and (ii) gave great weight to state reviewing physicians who found the claimant could perform sedentary work but imposed additional limitations of a sit/stand option, preclusion from operating a motor vehicle, and only occasional operation of foot controls, based on the claimant's own testimony (Tr. 142, 144). Furthermore, the ALJ cited the evidence in the record related to her own reports of

the side effects of her medications, and the claimant points to no medical evidence in record indicating she reported this side effect to her treating or examining physicians (although the Commissioner appropriately acknowledges the claimant did indicate on a form for a consultative examiner that "tired" was a side effect of her medications, even though he did not ultimately include this report in his assessment) (Tr. 605, 610). *See Garcia v. Astrue*, 2012 WL 4754919, at *9 (W.D. Okla. Aug. 29, 2012) ("The ALJ was not required to address every piece of medical evidence in the record, and he did not err by failing to address the isolated comment suggesting that Plaintiff appeared to have a dull affect during the consultative physical examination in the absence of other evidence of adverse medication side effects in the record."). Indeed, the undersigned Magistrate Judge finds that the ALJ specifically noted the various findings of the claimant's treating, examining, and reviewing physicians, *adopted* further limitations suggested in the medical record and by her own testimony (*i. e.*, sit/stand option, simple tasks and simple work-related decisions), *and still concluded* that she could perform sedentary work. When all the evidence is taken into account, the conclusion that the claimant could perform sedentary work is thus supported by substantial evidence. *See Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'"), *quoting Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).

Despite the claimant's statements to the contrary, the essence of the claimant's appeal here is that the Court should re-weigh the evidence and determine her RFC differently from the Commissioner, which the Court simply cannot do. *See Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir. 2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."), *citing* 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 31st day of August, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**